IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MANFRED POLK ) | |
| ) | |
| v. ) | NO. 3:05-0335 |
| ) | Echols/Griffin |
| GENERAL MOTORS CORPORATION, et al. ) | |

TO: Honorable Robert L. Echols, District Judge

## R E P O R T  A N D  R E C O M M E N D T I O N

By order entered May 18, 2005 (Docket Entry No. 10), this action was referred to the Magistrate Judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), for pretrial matters.

Presently pending before the Court is a motion to dismiss filed by Defendant Crown Automotive Group (filed May 17, 2005; Docket Entry No. 4) and a motion to dismiss filed by Defendant Ford Motor Company (filed June 7, 2005; Docket Entry No. 11). Plaintiff has filed a response to the motion of Crown Automotive Group (filed September 9, 2005; Docket Entry No. 18). To date, no response has been filed to the motion of Ford Motor Company.[1] For the reasons set out below, the Court recommends that the motions to dismiss be granted.

## I. BACKGROUND

Plaintiff filed this action pro se asserting diversity jurisdiction under 28 U.S.C. § 1332 and seeking a total of thirty million dollars in compensatory and punitive damages. Plaintiff asserts that

---

[1] By order entered August 4, 2005 (Docket Entry No. 16), Plaintiff was notified of the motions and of the need to respond within twenty days.

he is a resident of New Jersey[2] and names four defendants: General Motors Corporation ("GM"), Sonic-Crest Cadillac, LLC ("Sonic"), Ford Motor Company ("Ford"), and Crown Automotive Group d/b/a Crown Ford ("Crown").

In April 2002, Plaintiff leased/purchased a Cadillac Deville ("Cadillac") from Defendant Sonic. Plaintiff contends that the Cadillac suffers from excessive vehicle vibration which Defendant Sonic has failed to repair. He further complains about repeated problems he has encountered with Defendant GM regarding his financing of the Cadillac and with both Sonic and GM regarding the reporting to credit bureaus of what he contends is false information concerning his credit payment history.

In September 2000, Plaintiff leased/purchased a Ford F-150 pick-up truck ("F-150") from Defendant Crown. Plaintiff contends that the F-150 was unsafe because of stability problems which could have potentially resulted in the vehicle rolling over and that he surrendered the vehicle back to Defendant Crown on December 10, 2000. Plaintiff alleges that the F-150 was sold at auction by Defendant Ford and that Defendant Ford sought an unpaid balance on the purchase price of the vehicle.

Based upon these allegations, Plaintiff brings the following claims:

1. Breach of Express and Implied Contract

Defendants GM and Ford manufactured the vehicles at issue and knew or should have known of the defects of said vehicles when lease/purchased by Plaintiff;

---

[2] Although neither Defendant Ford nor Crown argues that diversity jurisdiction does not exist, Defendant Crown notes that Plaintiff lists his address as a Tennessee address on the complaint's cover page and signature page. The Court also notes that the address on the summons for each defendant also lists a Tennessee address for Plaintiff and that the signature page of Plaintiff's response in opposition to the motion lists a Tennessee address for Plaintiff.

The Court notes that, although Plaintiff only expressly asserts diversity jurisdiction as the jurisdictional basis for his lawsuit, there is federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claims under the Federal Fair Credit Reporting Act.

2

### 2. Conspiracy and/or Collusion

Defendants willfully, wantonly, intentionally and negligently conspired and/or colluded in a failure to inform Plaintiff of known defects in the vehicles;

### 3. Violation of the Federal Fair Credit Reporting Act

Defendants GM and Ford willfully, wantonly, intentionally, and negligently reported incorrect derogatory information to credit bureaus substantially damaging Plaintiff via the lowering of his credit scores;

### 4. Loss of Income

As a proximate result of the breach of contract, Plaintiff's credit score has been lowered thereby prohibiting him from obtaining loans and other business ventures; and

### 5. Medical Depression and/or Disorders

Defendant Ford's production of an unsafe vehicle purchased by Plaintiff as a gift to his wife contributed to a severe family problem that resulted in a divorce.

See Complaint (Docket Entry No. 1) at 8.

Defendant Sonic filed an answer (Docket Entry No. 2) to the complaint. In lieu of an answer, Defendants Ford and Crown have filed the pending motions to dismiss. Defendant GM has not responded to the complaint, and there is no indication in the record that GM has been properly served with process in the action.

## II. CONCLUSIONS

### 1. Defendant Crown's Motion

By its motion, Defendant Crown asserts that the only counts of the complaint which are directed at it are barred by the applicable statute of limitation.

By order entered August 4, 2005 (Docket Entry No. 16), the Court ruled that it would view Defendant Crown's motion as a motion to dismiss and not as either a motion for judgment on the

pleadings or a motion for summery judgment.[3] Accordingly, Defendant Crown's motion is reviewed under the standard that dismissal is appropriate only if it appears beyond doubt that Plaintiff can prove no set of facts in support of his alleged claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). For the purpose of a motion to dismiss, the allegations of Plaintiff's complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. See Scheid, 859 F.2d at 436-37.

In his response in opposition to the motion, Plaintiff does not address the statute of limitation argument raised by Defendant Crown. Instead, Plaintiff submits his own affidavit (Docket Entry No. 19) and refers to his need to attend to the medical problems his daughter suffered, which resulted in her recent death, as the reason why he was unable to file a timely response to the motion.[4] He further contends that he needs to "conduct Discovery in order to determine the validity of material facts, fraud, conspiracy, breach of contract, and other claims encompassed within the subject Complaint." See Docket Entry No. 18 at 2.

---

[3] In ruling on Defendant Crown's motion, the Court has not relied upon the affidavit of Anthony Barrett (Docket Entry No. 8) submitted by Defendant Crown.

[4] While the Court sympathizes with Plaintiff on his need to care for his ill daughter and on the tragic death of his daughter, the Court notes that the motion to dismiss was filed on May 17, 2005, giving Plaintiff approximately four months within which to respond. The Court further notes that, as referred to in the order entered August 4, 2005 (Docket Entry No. 16), Plaintiff was able to file motions for default judgment during this time period.
  The Court also notes, as was referenced in the August 4, 2005, order, that Plaintiff never properly sought from the Court an extension of time within which to respond to the pending motions to dismiss.

4

The Court finds that the claim against Defendant Crown should be dismissed and that there is nothing in Plaintiff's response which warrants denial of the motion to dismiss. By the plain language of the complaint, the only claim which is specifically asserted against Defendant Crown is a claim of civil conspiracy (Count II). The one year statute of limitation set out in Tenn. Code Ann. § 28-3-104 for personal injury actions applies to a claim of civil conspiracy. See Braswell v. Carothers, 863 S.W.2d 722, 725 (Tenn. Ct. App. 1993); Harvest Corp. Ernst & Whinney, 610 S.W.2d 727, 729-30 (Tenn. Ct. App. 1980). By Plaintiff's own allegations, he returned the F-150 to Defendant Crown on December 10, 2000, because of his concern about what he perceived as defects with the vehicle. As such, any cause of action against Crown for a civil conspiracy based on an alleged failure to inform Plaintiff about defects with the vehicle occurred well over four years prior to the filing of the instant complaint. Accordingly, this claim is untimely and is barred by the statute of limitations.

Counts I, III, and V of the complaint are specifically directed at Defendants other than Defendant Crown and, thus, do not implicate Defendant Crown. Further, the Court finds that Count IV of the complaint does not state a viable, independent cause of action. Count IV is captioned as a "loss of income" claim but is specifically a claim for economic damages occurring "as a direct and proximate result of Defendant's breach of contract . . . ." See Complaint at 8. As such, the claim is merely a statement of damages related to the breach of contract claim asserted in Count I against Defendants GM and Ford.

2. Defendant Ford's Motion

By its motion, Defendant Ford asserts that the counts alleged against it in the complaint are barred by the applicable statute of limitation. Defendant Ford also contends that the complaint is devoid of any facts which support the theories of recovery.

The statute of limitation analysis of the civil conspiracy claim against Defendant Crown applies equally to the civil conspiracy claim against Defendant Ford. Accordingly, this claim, Count II, against Defendant Ford should likewise be dismissed.

With respect to the breach of contract claim, Counts I and IV, the applicable statute of limitation for any such claim is four years as set out in Tenn. Code Ann. § 47-2-725. See Layman v. Keller Ladders, Inc., 224 Tenn. 396, 455 S.W.2d 594 (1970). Any such claim accrued, at the very latest, by December 10, 2000, when Plaintiff returned the F-150 to Defendant Crown. Plaintiff was required to have filed his claim within four years but did not. The instant action was filed beyond the four year period and is untimely.

With respect to Plaintiff's claim of a violation of the Fair Credit Reporting Act, Count III, the Court agrees with Defendant Ford's argument that the complaint contains no factual allegations supporting such a claim. The complaint is devoid of any factual allegations; 1) that Ford reported any information whatsoever to a credit bureau; 2) that any such information was incorrect; or 3) that Plaintiff was damaged in any manner by such incorrect information. Count III of the complaint is entirely conclusory and fails to state a claim upon which relief can be granted based on the allegations of the complaint.

With respect to Count V of the complaint, the Court finds that this count fails to actually state a viable independent claim, but like Count IV, merely recites Plaintiff's allegation of damages flowing from the alleged breach of contract and/or conspiracy by Defendant Ford.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion to dismiss or, in the alternative for summary judgment filed by Defendant Crown Automotive Group d/b/a Crown Ford (filed May 17, 2005; Docket Entry No. 4) be GRANTED and that Crown Automotive Group d/b/a Crown Ford be DISMISSED from the action; and

2) the motion to dismiss filed by Defendant Ford Motor Company (filed on June 7, 2005; Docket Entry No. 11) be GRANTED and that Ford Motor Company be DISMISSED from the action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

                                              _/s/ Juliet Griffin_
                                              JULIET GRIFFIN
                                              United States Magistrate Judge