IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


MANFRED POLK )
 )
 v. ) NO. 3:05-0335
 ) Echols/Griffin
GENERAL MOTORS CORPORATION, et al. )


TO: Honorable Robert L. Echols, District Judge


**R E P O R T  A N D  R E C O M M E N D T I O N**

By order entered May 18, 2005 (Docket Entry No. 10), this action was referred to the Magistrate Judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 636(b)(1)(A) and (B), for pretrial matters.

Presently pending before the Court is a motion for judgment on the pleadings filed by Defendant Sonic-Crest Cadillac LLC (filed November 23, 2005; Docket Entry No. 42) and a motion for summary judgment filed by Defendant General Motors Corporation (filed February 9, 2006; Docket Entry No. 48). Plaintiff has not filed a response to either motion.[1] For the reasons set out below, the Court recommends that the motions be granted.

---

[1] By order entered February 27, 2006 (Docket Entry No. 51), Plaintiff was notified of the need to respond to the motion for judgment on the pleadings by March 20, 2006, and to the motion for summary judgment by April 17, 2006.

1

## I. BACKGROUND

Plaintiff filed this action pro se[2] asserting diversity jurisdiction under 28 U.S.C. § 1332 and seeking a total of thirty million dollars in compensatory and punitive damages. Plaintiff asserts that he is a resident of New Jersey. He named four defendants in his complaint: General Motors Corporation ("GM"), Sonic-Crest Cadillac, LLC ("Sonic"), Ford Motor Company ("Ford"), and Crown Automotive Group d/b/a Crown Ford ("Crown").

By order entered October 28, 2005 (Docket Entry No. 35), the claims against Defendants Crown and Ford were dismissed and these defendants were dismissed from the action, leaving Sonic and GM as the only remaining defendants in the action.

The basic facts underlying Plaintiff's claims against Sonic and GM are as follows. In April 2002, Plaintiff lease/purchased a Cadillac Deville ("Cadillac") from Defendant Sonic. Plaintiff contends that the Cadillac suffers from excessive vehicle vibration which Defendant Sonic failed to repair. He further complains about repeated problems he encountered with Defendant GM regarding his financing of the Cadillac and the reporting to credit bureaus of what he contends is false information concerning his credit payment history.

Based upon these allegations, Plaintiff brings the following claims:

1. Breach of Express and Implied Contract ("Contract claim")

      Defendant GM manufactured the vehicle at issue and knew or should have known of the defects of said vehicle when lease/purchased by Plaintiff;

2. Conspiracy and/or Collusion ("Conspiracy claim")

      Defendants willfully, wantonly, intentionally and negligently conspired and/or colluded "in failure" to inform Plaintiff of known defects in the vehicles;

---

[2] Although Plaintiff is proceeding pro se, he asserts that he is an attorney.

3. Violation of the Federal Fair Credit Reporting Act ("FCRA claim")

>    Defendant GM willfully, wantonly, intentionally, and negligently reported incorrect derogatory information to credit bureaus substantially damaging Plaintiff via the lowering of his credit scores;

See Complaint (Docket Entry No. 1) at 8.[3]

Defendants have filed answers (Docket Entry Nos. 2 and 22) to the complaint. Pursuant to a scheduling order (Docket Entry No. 31) and amended scheduling order (Docket Entry No. 51), pretrial activity has occurred in the action.

## II. CONCLUSIONS

1.  Defendant Sonic's Motion

Defendant Sonic asserts that the sole claim in which it is named is the Conspiracy claim set out in count II which alleges that Sonic willfully, wantonly, intentionally and negligently conspired and/or colluded "in failure" to inform Plaintiff of known defects in the Cadillac. Sonic seeks dismissal under Rule 12(c) of the Federal Rules of Civil Procedure. Specifically, Sonic contends that the one year statute of limitations applicable to civil conspiracy claims under Tenn. Code. Ann. § 28-3-104 expired prior to Plaintiff's filing suit against Sonic. Additionally, Sonic argues that Plaintiff fails to allege facts in his complaint which support a claim that there was an agreement or combination between Sonic and GM to fail to inform Plaintiff of any known defect in the Cadillac.

---

[3] Although Plaintiff also separately alleges what are styled as counts IV and V in his complaint, these two counts do not set out causes of action but are merely statements of Plaintiff's purported damages. Only count IV remains in the action and only as it pertains to Defendant GM. Count V and part of count IV were directed at Defendant Ford, which has been dismissed from the action.

Defendant Sonic's motion is reviewed under the standard that applies to a motion seeking dismissal for failure to state a claim under Rule 12(b)(6). Morgan v. Church's Fried Chicken, 829 F.2d 210 (6th Cir. 1987). Dismissal is appropriate only if it appears beyond doubt that Plaintiff can prove no set of facts in support of his alleged claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). For the purpose of the motion, the allegations of Plaintiff's complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, however, are required, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. See Scheid, 859 F.2d at 436-37.

The claim against Defendant Sonic should be dismissed. The one year statute of limitations set out in Tenn. Code Ann. § 28-3-104 for personal injury actions applies to a claim of civil conspiracy. See Braswell v. Carothers, 863 S.W.2d 722, 725 (Tenn. Ct. App. 1993); Harvest Corp. V. Ernst & Whinney, 610 S.W.2d 727, 729-30 (Tenn. Ct. App. 1980).

By Plaintiff's own allegations, he purchased the Cadillac from Sonic in April 2002, and first learned of what he alleges are defects in the vehicle around that time. See Complaint at ¶¶ 4-13. He further contends that he returned to Sonic for service on the vehicle for vibration problems on January 14, 2004, and February 5, 2004, and "discussed" the problem with Sonic "several months thereafter." See Complaint at ¶¶ 19-21. Accordingly, any cause of action against Crown for a civil conspiracy based on an alleged failure to inform Plaintiff about defects with the vehicle occurred more than one year prior to the filing of the instant complaint on April 27, 2005. Accordingly, this claim is untimely and is barred by the statute of limitations.

Further, even if the complaint against Sonic had been timely filed, it would warrant dismissal because there are absolutely no allegations in the complaint which support Plaintiff's claim. A civil conspiracy is a "combination between two or more persons to accomplish by concern an unlawful purpose or to accomplish a purpose not in itself unlawful by unlawful means." Chenault v. Walker, 36 S.W.3d 45, 52 (Tenn. 2001). Plaintiff has simply not alleged facts which show that: (1) a combination or agreement existed between Sonic and GM (2) to keep from Plaintiff or fail to inform him of (3) known defects in Cadillac.

2. <u>Defendant GM's Motion</u>

Defendant GM asserts that summary judgment is warranted in its favor because the undisputed facts do not support the claims asserted against it by Plaintiff. The motion for summary judgment is reviewed under the standard that the moving party must demonstrate that no genuine issues of material fact exist and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979). In considering a motion for summary judgment, the court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue,

5

might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id., at 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89 (1968).

After review of the evidence before the Court, the Court finds that no reasonable jury could find in favor of Plaintiff on his claims. In the face of a properly supported summary judgment motion, Plaintiff must present specific evidence showing that a genuine issue of material fact exists and that he could succeed on the merits of his claims based on the evidence presented. Liberty Lobby, Inc., 477 U.S. at 252; Interroyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). Plaintiff has not set forth such evidence, and he is not entitled to trial solely on the basis of his unsupported allegations and speculation. Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986).

With respect to the Contract claim, GM asserts that it was not a party to the automobile lease/purchase agreement, that the underlying manufacturer's warranty on the Cadillac did not cover problems associated with after-market tires that were on the vehicle when purchased but were not part of the original tire package on the vehicle when it was manufactured, and that there is no proof that the vehicle suffered from any defect which GM knew about or should have known about.

The Court agrees with Defendant GM that the Contract claim warrants dismissal. There is no evidence before the Court that Plaintiff and GM entered into any type of contract regarding the

6

Cadillac. GM was not the party who leased/sold the vehicle to Plaintiff. See Defendant GM's Rule 8(b)(7) Statement (Docket Entry No. 50) at ¶ 8. To the extent that Plaintiff's claim is actually one for a breach of warranty on the part of GM as the Cadillac's manufacturer, the Court finds that Plaintiff has not set forth evidence which rebuts Defendant GM's argument that the vibration problems were associated with use of after-market tires, and that any defects caused by installation of such tires are not covered under the manufacturer's warranty. See Defendant GM's Rule 8(b)(7) Statement at ¶¶ 1-3; Affidavit of Dave Umberg (Exhibits to Docket Entry No. 48).[4] Finally, as Defendant GM correctly points out, there is no proof at all before the Court that the Cadillac suffered from a manufacturing defect. See Defendant GM's Rule 8(b)(7) Statement at ¶¶ 4-5. The allegation in the Plaintiff's complaint that the Cadillac is "inherently defective" is entirely conclusory and is unsupported by any evidence which is before the Court. It is Plaintiff's burden, as the party alleging a claim of a defective product, to set forth evidence upon which a reasonable jury could find in his favor on his claim. He has simply not done this with respect to this claim.

With respect to the Conspiracy claim, GM argues that Plaintiff has not alleged any facts in the complaint, let alone produced any evidence, supporting a claim that GM was engaged in any kind of conspiracy with Sonic. The Court agrees. The Conspiracy claim against Defendant GM

---

[4] Defendant GM asserts that the Cadillac was equipped with "Vogue" tires that Defendant does not manufacture or assemble onto its automobiles. Instead, Defendant asserts that the Cadillac was originally assembled with Goodyear tires. It appears to be Defendant's position that Plaintiff has acknowledged that the Cadillac was equipped with Vogue tires that were responsible for the vibration about which Plaintiff complained. The complaint itself is less than clear on this issue, referring only to Plaintiff's being informed by Sonic that the problems occurred as a result of the rims and Vogue tires, and to Defendant GM's offer to replace the tires with Michelin tires. See Complaint at ¶ 2. Since Plaintiff has not responded to the motion for summary judgment, the Court accepts Defendant's representations that somehow the Goodyear tires were exchanged for Vogue tires. See Docket Entry No. 50 at ¶¶ 1-2; Umberg affidavit, Exhibit 5 to Docket Entry No. 48.

7

should be dismissed for the same reasons, set out supra at 3-5, which warrant dismissal of the Conspiracy claim against Defendant Sonic.

With respect to the FCRA claim, GM asserts that it did not finance the lease/purchase agreement and is not responsible for reporting account information to credit bureaus concerning the agreement. See Defendant GM's Rule 8(b)(7) Statement at ¶¶ 7-11. Plaintiff has not presented any evidence to the Court which contradicts this evidence or rebuts Defendant GM's argument that it did not breach any duty created by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. As such, Plaintiff has failed to support a claim under the FCRA against Defendant GM.[5]

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion for judgment on the pleadings filed by Defendant Sonic-Crest Cadillac LLC (filed November 23, 2005; Docket Entry No. 42) be GRANTED; and

2) the motion for summary judgment filed by Defendant General Motors Corporation (filed February 9, 2006; Docket Entry No. 48) be GRANTED; and

3) this action be DISMISSED WITH PREJUDICE in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written

---

[5] The Court notes that Plaintiff has not even identified in his complaint any specific provision of the FCRA which Defendant GM is alleged to have violated, let alone shown that GM is a covered entity under the FCRA and that a private cause of action exists for whatever the purported violation may be.

8

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        _____
        JULIET GRIFFIN
        United States Magistrate Judge